IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AHMED M. SAID,

Petitioner,

vs.

U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondent.

**8:26CV74**

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of Petitioner Ahmed M. Said ("Said" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts which allows the Court to apply Rule 4 of those rules to a section 2241 action. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In his Petition, Said asserts that he should not be subject to removal from the United States because he was wrongfully convicted of the state crimes that led to his removal order. *See* Filing No. 1 at 6. Said asserts that it is fundamentally unfair to strip him of his legal permanent resident status and issue a deportation order while he is in the process of challenging the legality of his state court conviction. Filing No. 1 at 7. Said specifically notes that he is challenging the legality of his underlying state conviction in this Court in *Said v. Jeffreys*, Case No. 8:25cv260 (D. Neb.). *See* Filing No. 1 at 7.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See* *Edmond v. United States*, 520 U.S. 651, 657 (1997). Several circuit courts have held that § 2254 and its provisions take precedence over § 2241 because it is the more specific statute. *See* *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3rd Cir. 2001).

The appropriate and exclusive avenue for challenging his conviction is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See* *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (concluding that a state prisoner "'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), . . . can only obtain habeas relief through § 2254, no matter how his pleadings are styled"). Though Said filed his habeas petition pursuant to 28 U.S.C. § 2241, he expressly states he is challenging his state-court conviction and the resulting detention in another case before this Court. Said's allegations in this case depend on the validity of his state-court conviction. Thus, his challenge must be brought under § 2254, not § 2241. Said expressly confirms that he is already challenging his conviction in Case No. 8:25cv260. Because Said's

arguments in this case must be brought under § 2254, Said is not entitled to habeas relief pursuant to § 2241 and this matter should be dismissed.

The Court notes that even if it construes Said's Petition as one brought under § 2254, the Court would lack jurisdiction to review it because it would be successive. The Court's records reflect that Case No. 8:25cv260 was dismissed with prejudice because Said did not timely file his Petition under § 2254. *See Said v. Jeffreys*, Case No. 8:25cv260, Filing Nos. 23 & 24 (D. Neb. Nov. 24, 2026). Thus, Said would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this successive action under § 2254. 28 U.S.C. § 2444(b)(2) & (3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition). Said may not avoid the strictures applicable to § 2254 habeas petitions by mischaracterizing his habeas petition as one for relief under 28 U.S.C. § 2241.

Although Said sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Said is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner Ahmed M. Said's Petition for Writ of Habeas Corpus, Filing No. 1, is dismissed without prejudice.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

Dated this 24th day of November, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge